Wilson J. Hunter *et al.*

*v.*

Elizabeth A. Dennis *et al.*

*Filed at Ottawa November 17, 1884.*

1. Trust—*widow of mortgagor—paying the debt and receiving the legal title—bill to redeem by the heirs.*. Where a party conveys land as a security for a loan, and after his death his widow pays the debt and takes a deed for the land to herself, she will hold the title as a trustee for the heirs of her husband, and they may maintain a bill to redeem, and for an account.

2. Limitations—*whether possession is adverse.* The owner of land conveyed the same to secure a loan of money, and after his death his widow paid the debt and took a conveyance to herself, and inventoried the land as that of her husband, and she and the only heir occupied the same as a homestead, she having a dower and homestead right in the premises. It was *held,* that the widow's possession was not adverse as against the heir, and that *laches* is not imputable in such a case.

Appeal from the Circuit Court of Kendall county; the Hon. Isaac G. Wilson, Judge, presiding.

Mr. R. N. Botsford, for the appellants:

The dismissal of the original bill was clearly erroneous, as there was no dispute as to the material allegations of the bill. The record shows a clear case of trust, and the cause should

have been referred to the master to state the account.  *Sallee* v. *Morgan*, 67 Ill. 376 ; *Moss* v. *McCall*, 75 id. 191 ; *Daly* v. *Catholic Church*, 97 id. 17 ; *Koon* v. *Hollingsworth*, id. 52.

The possession of Mrs. Dennis was not adverse, under the circumstances of this case.

Mr. FRANK CROSBY, and Mr. EDWARD C. LOVELL, for the appellees:

Equity follows the law in the analogy of the application of the Statute of Limitations.  *Kane County* v. *Herrington*, 50 Ill. 329.

Amanda Hunter being an infant at the time of her father's death, the Statute of Limitations, so far as this disability is concerned, became a bar at the expiration of twenty years from her attaining her majority, to-wit, in 1875,—seven years before the filing of the original bill.  *Stevenson* v. *Westfall*, 18 Ill. 209.

The fact that Amanda Hunter was married in 1854, being still an infant, would not prevent the bar of the statute.  It is a familiar principle, that when the statute has once begun to run, successive or cumulative disabilities do not remove the bar.  There can be no "tacking" of disabilities.  Angell and Ames on Limitations, (3d ed.) 490, 491 ; *Keil* v. *Healey*, 84 Ill. 104.

The appellee, Elizabeth A. Dennis, at the death of her husband, was entitled to the possession of the premises until assignment of dower to her, as was the case in *Strawn* v. *Strawn's Heirs*, 50 Ill. 258.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed in the Kane county circuit court, on April 17, 1882, by the legal heirs of George Dennis, deceased, to have a certain deed from George Dennis to one Black declared a mortgage, and for an accounting, and a partition of the premises described in the deed.  Elizabeth

A. Dennis, the widow of James Dennis, and others, were made defendants, the bill setting out that after the death of James Dennis, the widow, Elizabeth A., paid the mortgage debt to Black, and he made to her a deed of the premises; that upon that deed, in an action of ejectment, she had recovered a judgment for the possession of the premises,—and the bill asked for an injunction to restrain proceedings under that judgment. Elizabeth A. Dennis answered, admitting, substantially, the allegations of the bill, and setting up the Statute of Limitations. She also filed her cross-bill, setting up her widow's award, divers matters of account, and asking that an account be taken, and the amount found due her be declared a lien on the premises. Upon final hearing, the circuit court dismissed both the original and cross-bills, for want of equity. The complainants in the original bill appeal.

The undisputed facts are, that George Dennis, at the time of his death, was the equitable owner of the premises in question; that he had made a loan of money from Black, and secured the loan by an absolute conveyance of the premises to Black; that after the death of Dennis, his widow, Elizabeth A. Dennis, paid the loan to Black with means of her own, and received from him a reconveyance of the premises, by deed dated April 1, 1854; that at the time this was done, the only child of George Dennis was a minor daughter, Amanda; that she married Wilson J. Hunter, on November 22, 1854, she being at that time seventeen years of age, and lived with him until her death, November 10, 1880; that she died intestate, leaving surviving her, as her sole heirs, the five children who are parties complainant; that during all this time the premises were jointly occupied as a home by the widow of Dennis, and the daughter and Hunter, until the death of Amanda, and ever since then, to the filing of the bill, Hunter and his five children, except the oldest one, have so occupied them, all residing together as one family. Elizabeth A. Dennis was administratrix, together with C. H. Mor-

gan, administrator, of the estate of George Dennis, deceased. In the inventory of the property of the estate, filed with the probate court, and signed by her, as administratrix, these premises are inventoried as real estate, the property of George Dennis, deceased, which had been deeded to Lyman Black to secure money loaned. In the report of the administrator, C. H. Morgan, signed by him, it is stated the estate is fully settled, that the equitable interest in said real estate was preserved by the payment by Mrs. Dennis of about $700 upon the bond, and that a deed for the premises had been given directly to Elizabeth A. Dennis, widow of said George Dennis.

Clearly, upon the facts, Elizabeth A. Dennis held the title to the property, under her deed, but as a trustee in trust for the heirs of George Dennis, and we perceive no reason why the bill should have been dismissed. It being the case of a trust, and all the parties living together upon the premises, occupying them as a home, the Statute of Limitations was inapplicable. There was nothing of adverse possession. The widow had a dower right and homestead right in the premises. Her dower had not been assigned. *Laches* is not imputable in such a case. (*Wilson* v. *Byers,* 77 Ill. 76; *Musham* v. *Musham,* 87 id. 80.) Instead of dismissing the bill, there should have been a reference to the master to take and state an account between the parties.

The decree is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Decree reversed.*